UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NAHANT PRESERVATION TRUST, INC., and its Directors, Officers, Trustees, Committee Members and/or Volunteers: CHRISTIAN BAUTA, TESS BAUTA, ELIZABETH K. BERMAN, ANNE BROMER, CANDACE CAHILL, MICHELLE CAPANO, ALICE CORT, MARK CULLINAN, CARL JENKINS, MARILYN MAHONEY, WILLIAM MAHONEY, DAN MCMACKIN, DIANE MONTEITH, ANDREA MURPHY, JEFFREY MUSMAN, PATRICK O'REILLY, MARIE ELIZABETH PASINSKI, M.D., ROGER PASINSKI, M.D., VI PATEK, LINDA PIVACEK, EMILY POTTS, LAURA POULIN, PETER ROGAL, PEGGY SILVA, SUSAN SOLOMON, PH.D, PAUL SPIRN, DONNA STEINBERG, and JIM WALSH, Plaintiffs, v. MOUNT VERNON FIRE INSURANCE COMPANY and UNITED STATES LIABILITY INSURANCE GROUP, Defendants. | CIVIL ACTION NO.  1:22-cv-10486 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 81.1 of the Local Rules for the United States District Court for the District of Massachusetts, the Defendants Mount Vernon Fire Insurance Company and United States Liability Insurance Group (collectively, "USLI"), through undersigned counsel, submit this Notice of Removal in the above-captioned action. As grounds therefore, USLI states as follows:

1

1. The Plaintiffs, Nahant Preservation Trust, Inc. and its directors, officers, trustees, committee members, and/or volunteers (collectively, "NPT") filed a Complaint against USLI in the Business Litigation Session of the Superior Court Department of the Trial Court of the Commonwealth, Suffolk County, on or around February 18, 2022 in a suit captioned, Nahant Preservation Trust, Inc., et al. v. Mount Vernon Fire Insurance Company, et al., Civil Action No. 2284CV0382-BLS2 (the "State Court Action"). See Exhibit A.

2. USLI received the Complaint via mail on March 21, 2022.

3. With the exception of the Complaint, USLI has not received any other pleadings or orders in the State Court Action and USLI is not aware of any further pleadings filed in the State Court Action.

4. The gravamen of the allegations in the Complaint is that NPT was wrongfully denied insurance coverage under Policy No. NDO2557425C (the "Policy") for a lawsuit that was filed against it by Northeastern University.

5. NPT alleges in the Complaint that it is a Massachusetts not-for-profit charitable corporation and that its directors, officers, trustees, committee members, and/or volunteers are Massachusetts residents. Whereas USLI is a Nebraska corporation with a principal place of business in the Commonwealth of Pennsylvania.

6. The Limits of Liability under the Policy are $1 million each claim and in the aggregate.

7. Removal of this action from state court is appropriate pursuant to 28 U.S.C. § 1332 because there is complete diversity between NPT and USLI, and the amount in controversy exceeds the jurisdictional threshold of $75,000 where the Limits of Liability under the Policy are $1 million. See Deutsche Bank Nat'l Tr. Co., as Tr. of Ameriquest Mortg. Sec., Inc. Asset Backed

Pass Through Certificates, Series 2005-R3 v. Grandberry, 374 F. Supp. 3d 166, 169 (D. Mass. 2019) ("In an action seeking declaratory relief, the amount in controversy is measured by the value of the object of the litigation.").

8. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely. It is filed within thirty days of USLI's receipt of process, and less than a year after the commencement of this action.

9. Suffolk County Superior Court is located within this Court's District. Thus, venue is proper in this Court because it is the "district and vision embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties to this suit and will be filed with the Clerk of Suffolk County Superior Court following the filing of this Notice of Removal.

11. A copy of the Complaint and all other pleadings and orders served upon USLI in the State Court Action are being filed with this Court as the following exhibits to this Notice of Removal:

    i. Complaint – Exhibit A.

    ii. The Docket – Exhibit B.

12. Pursuant to 28 U.S.C. § 1446(a) and (c) and Local Rule 81.1, within 30 days of filing this Notice of Removal, USLI will ensure filing with this Court of certified copies of all records and proceedings in the State Court Action.

13. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure as required by 28 U.S.C. § 1446(a).

14. In submitting this Notice of Removal, USLI reserves all defenses to this Action.

For the foregoing reasons, USLI hereby removes this action from Suffolk County Superior Court to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 81.1 of the Local Rules for the United States District Court for the District of Massachusetts.

Respectfully submitted,

MOUNT VERNON FIRE INSURANCE COMPANY and UNITED STATES LIABILITY INSURANCE GROUP

By their attorneys,

*/s/ Lincoln A. Rose*
Scarlett M. Rajbanshi, BBO#666103
Lincoln A. Rose, BBO#691797
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 951-2011
srajbanshi@peabodyarnold.com
lrose@peabodyarnold.com

Dated: April 4, 2022

## CERTIFICATE OF SERVICE

      I, Lincoln A. Rose, hereby certify that I have, on April 4, 2022 served a copy of the foregoing document, by causing a copy thereof, to be sent electronically, through the ECF system, to the registered participants in this case, as identified on the Notice of Electronic Filing (NEF). Participants in this case not registered on the ECF system, if any, will receive service through regular first-class mail.

                                                      */s/ Lincoln A. Rose*
                                                      Lincoln A. Rose